Mr. George Stuart Secretary, Department of Business and Professional Regulation Northwood Centre 1940 North Monroe Street Tallahassee, Florida 32399-1007
Dear Secretary Stuart:
You have asked for my opinion on substantially the following question:
Is s. 550.26353, F.S., as created by s. 34, Ch. 92-348, Laws of Florida, applicable retroactively to ratify and confirm the 1992 Breeders' Cup Meet as having been conducted under the provisions of former s. 550.2635, F.S. 1991?
In sum:
Section 550.26353, F.S., is, by its terms, to be applied retroactively to ratify and confirm any Breeders' Cup Meet if the meet was conducted before December 1, 1992, under a contract executed before July 1, 1992, and which would have been authorized under the provisions of s. 550.2635, F.S. 1991.
Your question is specifically directed to the validity of a Breeders' Cup Meet or race and no comment is expressed relating to the results of any such meet.
Section 550.26353, F.S., was created by s. 34, Ch. 92-348, Laws of Florida, and reads as follows:
(1) Any Breeders' Cup Meet which would have been authorized under the p rovisions of former
s. 550.2635 . . . is hereby ratified and confirmed, to be conducted under such provisions, provided that such meet is conducted at the facility of a Florida permitholder before December 1, 1992, under a contract for such meet executed by the parties before July 1, 1992 [,] including the credit authorized under former s. 550.2635(2), Florida Statutes, 1991. With respect to said Breeders' Cup Meet . . . any tax credits and any tax exemptions provided in former . . . [s.] 550.2635 . . . which accrued prior to July 1, 1992, or any tax credits and only tax exemptions applicable to a Breeders' Cup Meet . . . conducted prior to December 1, 1992, shall be taken during the permitholder's next ensuing regular meet, even if that meet takes place after December 1, 1992. The permitholder shall take the credit or exemption subject to a final audit by the division, and any overpayment shall be refunded to the division within 10 days after the permitholder receives notice of the over-payment.
The statute, which was adopted during the special session of December 9-11, 1992,[1] applies to ratify and confirm any Breeders' Cup Meet held before December 1, 1992, pursuant to a contract entered into prior to July 1, 1992.
Thus, by its terms the statute is expressly retroactive in application. Where retroactive intent is expressly indicated courts generally give it that effect unless the provision would violate the Constitution or result in manifest injustice.[2]
Finally, I would note that s. 68, Ch. 92-348, Laws of Florida, specifically provides, "[t]his act shall not apply retroactively other than as specifically provided in . . . [s.] 550.26353." (e.s.)
Therefore, it is my opinion that s. 550.26353, F.S., as created by s. 34, Ch. 92-348, Laws of Florida, should be read to apply retroactively to ratify and confirm any Breeders' Cup Meet if that meet was held before December 1, 1992, pursuant to a contract entered into prior to July 1, 1992, which would have been authorized under former s. 550.2635, F.S. 1991.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, Proclamation by Governor Lawton Chiles proclaiming the necessity for a special legislative session commencing on December 9, 1992, and ending on December 11, 1992, to consider, i.e., "the status of the regulation of . . . pari mutuel wagering in Florida [which] is in serious question in light of a sunset of the regulations in the earlier 1992 legislative sessions[.]"
[2] Seaboard System R.R., Inc. v. Clemente, 467 So.2d 348 at 357 (3 D.C.A. Fla., 1985).